IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82468-TLS |
| | ) | |
| JAMES KARL LaGRANGE and | ) | CH. 13 |
| ABIGAIL LYNN LaGRANGE, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on May 26, 2009, on Debtors' Amended Objection to Claim of Dawn Duke (Fil. #41). Charles Garman appeared for Debtors, and Katherine H. Owen appeared for claimant Dawn Duke.

### *Background*

Ms. Duke is the former spouse of Debtor James LaGrange. She has filed a claim (Claim #7) in this case in the amount of $26,796.74 as a domestic support obligation. This case deals with whether that claim is in fact a domestic support obligation, which has priority status and is nondischargeable in a Chapter 13 case. I find that it is not.

Debtor James LaGrange and Ms. Duke were married on July 29, 2005. When the two met, Mr. LaGrange was Ms. Duke's financial advisor. Once they became engaged to marry, Mr. LaGrange advised Ms. Duke to use her assets to pay down various debts that he had incurred, and Ms. Duke also made several purchases for Mr. LaGrange. Less than six months later, Mr. LaGrange filed a complaint for dissolution of the marriage. The trial judge awarded Mr. LaGrange and Ms. Duke all of their property that each owned before their marriage. Mr. LaGrange also received the residence. Ms. Duke received a judgment against Mr. LaGrange in the amount of $25,904.22 for the contributions she made to Mr. LaGrange before their marriage, and in the amount of $4,500.00 to equalize their property settlement. The trial judge did not award any alimony or attorney fees.

Mr. LaGrange appealed the divorce decree and Ms. Duke cross-appealed. The Nebraska Court of Appeals affirmed the trial court, although it did find that "Dawn's judgment for expenditure of her premarital assets for James' benefit shall be reduced from $25,904.22 to $21,374.40 because of the 'gifts' she purchased for James."

### *Discussion*

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –

    (A) owed to or recoverable by –
     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
     (ii) a governmental unit;
   (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
   (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. For purposes of the case at hand, discharge and priorities are at issue. Domestic support obligations are not discharged in Chapter 13 proceedings. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5). Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A). If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status.

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. When deciding whether a debt should be characterized as one for support or property settlement, "the crucial question is what function did the parties intend the agreement to serve when they entered into it." *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)). In making that factual determination, the court evaluates a number of factors, including whether the agreement contains a separate provision for alimony or child support, and whether the debt is conditional. *Ahlf v. Ahlf (In re Ahlf)*, 354 B.R. 884, 887 (Bankr. S.D. Iowa 2006) (citing *Morel v. Morel (In re Morel)*, 983 F.2d 104, 105 (8th Cir. 1992)). Other factors considered include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

*Ahlf*, 354 B.R. at 887 (quoting *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997)).

There is nothing in the divorce decree of the parties to indicate that the monetary judgment awarded to Ms. Duke for her premarital expenditures had anything to do with alimony, maintenance, or support. In fact, the trial judge specifically declined to award alimony. The Court of Appeals described the judgment as follows: "Here, the district court determined that in order for the division of property to be fair and reasonable, James would be required to repay Dawn for all of her money that she used for his sole benefit before they were married." The Court of Appeals further stated: "In short, for a good number of reasons, it is inequitable and unreasonable to allow James to better his financial position by some $25,000 when he was the one advising her to do things which only benefited James while impoverishing Dawn–a woman of limited means and capabilities." Thus, the Court of Appeals determined that the trial court's award of the judgment was to be fair and equitable in the division of property since the payments were made upon Mr. LaGrange's financial advice.

Further, and more important to the determination of whether the judgment should constitute a domestic support obligation, the Court of Appeals stated:

> Here, we note the particularly short duration of Dawn and James' marriage–6 months–and see it as a primary factor in determining that Dawn is not entitled to alimony. Because of the short duration of the marriage, there was little opportunity for Dawn to develop reliance on James' income, and there was not enough time for significant contributions to be made from one party to another. Further, Dawn was clearly supporting herself before the dissolution of the marriage, and nothing has changed her ability to do so in the future. For these reasons, we do not find that the district court erred in not awarding Dawn alimony.

Thus, it seems clear that the Court of Appeals determined that Ms. Duke was not entitled to a payment in the nature of "alimony, maintenance, or support." Further, the judgment with respect to the premarital expenditures was clearly made in the interest of fairness and reasonableness, not as support. Therefore, there is no basis for finding the judgment to be a domestic support obligation.

IT IS, THEREFORE, ORDERED that Debtors' Amended Objection to Claim of Dawn Duke (Fil. #41) is sustained.

DATED: May 27, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Charles Garman
    Katherine H. Owen
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.